**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-41496**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TOMMY DARRELL SHARP,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(98-CR-7-3)**

_____

**May 24, 1999**

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tommy Darrell Sharp challenges his sentence following his guilty plea to use of a communication facility to facilitate a drug trafficking offense, asserting that the district court erred in enhancing his sentence pursuant to U.S.S.G. § 2D1.1(b)(1) for possessing a handgun during the commission of the offense. He contends that he was not the owner of the handgun, did not utilize or physically possess it, and did not direct that it be used during the commission of the offense.

As is well established, we review a district court's factual findings, such as the application of § 2D1.1(b)(1), only for clear

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  *E.g.*, **United States v. Buchanan**, 70 F.3d 818, 827-28 (5th Cir. 1995). Inasmuch as Sharp knew his codefendant possessed a gun during the transaction, we find no clear error. *See* **United States v. Thomas**, 120 F.3d 564, 574 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 721 (1998).

*AFFIRMED*